PER CURIAM.
Upon the State’s proper confession of error, we reverse the trial court’s order denying his motion for correction of an unlawful sentence and remand for resen-tencing. See State v. Thompson, 750 So.2d 648, 649 (Fla.1999) (holding that postcon-viction relief is available to “persons who committed their offenses during the applicable window period and were sentenced as habitual violent felony offenders based on the qualifying offense of aggravated stalking.”). Defendant committed his offense within the applicable window period: October 1, 1995 through May 24, 1997. Accordingly, defendant must be resen-tenced. On remand at the resentencing hearing, the State may present whatever prior felony offenses would support defendant’s classification as a habitual violent felony offender.
Reversed and remanded with directions.